FILED - GR
September 22, 2026 1:52 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM SCANNED BY: NY 9/22

# UNITED STATES DISTI
# FOR
# WESTERN DISTRICT OF MICHIGAN

315 W. Allegan Street, Room 113, Lansing, MI 48933.

ALONZO SHAFFER, Plaintiff Pro Se (Group 1 & Group 2)
Kalamazoo, MI
BASTION, Plaintiff Pro Se (Group 1)

**1:26-cv-2644**
**Maarten Vermaat -Magistrate Judge**

v.
CITY OF LANSING, MICHIGAN;
INDIVIDUAL OFFICER 1 (In individual and official capacity);
INDIVIDUAL OFFICER 2 (In individual and official capacity);
INDIVIDUAL FEMALE OFFICER 3 (In individual and official capacity);
INDIVIDUAL CORNELIUS BROWN (In individual and official capacity);
LANSING POLICE DEPARTMENT; and
~~UNIVERSITY OF MICHIGAN HEALTH SPARROW,~~
Defendants.

## CONSOLIDATED CIVIL RIGHTS COMPLAINT & GRIEVANCE

*(Pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and Michigan State Law)*

**JURY TRIAL DEMANDED**

Plaintiffs SHAFFER and BASTION respectfully file this Civil Rights Complaint against Defendants CITY OF LANSING, LANSING POLICE DEPARTMENT, INDIVIDUAL OFFICERS 1, 2, 3, CORNELIUS BROWN, and UNIVERSITY OF MICHIGAN HEALTH SPARROW, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

Plaintiffs seek compensatory damages, punitive damages, and declaratory relief for severe physical trauma, gross negligence, medical malpractice, false imprisonment, municipal Monell custom/policy violations, and the intentional lethal execution of their companion animal.

**GRIEVANCE COMPLAINTS IN PURSUANT WITH 42 U.S.C. § 1983**

42 U.S.C. § 1983 is a vital U.S. federal law allowing individuals to sue state or local government officials in federal court for violating their constitutional rights, famously known as a "Civil action for deprivation of rights". It provides a remedy for abuses of power by state actors, covering issues like unlawful searches, excessive force, or denial of due process, enabling victims to seek damages or other relief when rights secured by the Constitution or federal laws are infringed under the "color of state law".

Stated Claim by Shaffer, Bastion Party is a clear, assertive declaration of a position; there is fact, through evidence, to support the claim. The claim will function as a formal legal document and Statement of Claim in our court of law. "Stated claim" specifically refers to a police misconduct and brutality claim that argues points on defined corruption. Local government means an altered form of the Lansing Police Department that has been debased, polluted, and changed in a way that diminishes its original quality, value, intent, integrity, and style.

Lansing Police Department scope of employment covers the protection of life and property, enforcement of laws, and preservation of peace within the 33 square miles of Lansing, Michigan. Officers are responsible for patrolling, responding to emergency/non-emergency calls, investigating crimes, making arrests, and conducting traffic enforcement. "Under color of law" refers to actions taken by a police officer who purports to be acting in their official capacity, who uses the power granted by a government agency to violate a person's constitutional rights.

**JURISDICTION AND VENUE**

1. This Court possesses subject-matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3)-(4) (civil rights).
2. This Court possesses supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367

3. Venue is proper in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) because the Defendant Municipality is located within this judicial district and all unlawful acts, injuries, omissions, and events occurred exclusively within this district.

**PARTIES**

4. Plaintiff SHAFFER is an adult Black male, a disabled individual, a United States citizen, a resident of Kalamazoo, MI, and lawful owner of a 2011 black minivan.
5. Plaintiff BASTION is an adult United States citizen, a resident of Michigan, and was a lawful passenger occupying Plaintiff Shaffer's vehicle during Incident 1.
6. Defendant CITY OF LANSING, MICHIGAN is a municipal corporation operating the Lansing Police Department (LPD), sued directly under 42 U.S.C. § 1983 pursuant to the Monell doctrine.
7. Defendant LANSING POLICE DEPARTMENT is a municipal law enforcement agency located at 120 W. Michigan Ave., Lansing, MI 48933.
8. Defendants INDIVIDUAL OFFICERS 1, 2, 3, and CORNELIUS BROWN were acting under "color of law" within the scope of their employment as LPD officers, sued in their individual and official capacities.
9. Defendant UNIVERSITY OF MICHIGAN HEALTH SPARROW is a medical facility providing emergency medical care located at 1215 E. Michigan Ave., Lansing, MI 48912.

**STATEMENT OF FACTS**

**Incident 1 (South Frances Ave):**

10. On October 30, 2025, Black disabled male U.S. citizen owner of a 2011 black minivan was harassed, intimidated, threatened, and subjected to misconduct and constitutional rights violations.

11. LPD officers pulled up on South Frances Ave across the street near the corner of Kalamazoo St, profiling directly into the van and violating Plaintiffs' right to privacy.

12. An officer approached the driver side in a menacing stance with his right hand by his service pistol, demanding Shaffer roll the window down and unlock doors.

13. Driver Shaffer refused unlawful demands, repeatedly requested the legal reason for the encounter, and demanded supervisor support due to the heightened event and the puppy inside. The officer failed to explain reasons, ignored supervisor demands, threatened to break the window with a baton, and illegally gained forced entry.

14. Additional officers arrived on the passenger side, failed to identify name badges, and told passenger Bastion he had a warrant without identifying or producing it.

15. Officers used excessive force—pulling, punching, kicking, and attacking passenger Bastion. Passenger Bastion warned officers the puppy nips and bites when defensive, which activated the puppy's protective instincts. Officers kicked, hit, swatted, and taunted the puppy.

16. Officers aggressively snatched driver Shaffer from the driver seat, bending his hands and arms, causing pain and suffering to his hands, neck, and spine. Individual Female Officer 3 applied excessive force, committing gross negligence.

17. Officers snatched passenger Bastion out of the van, continuing to punch, kick, pull, and beat him. An officer pulled his pistol, pointed it at Bastion, and then pointed and fired at the puppy dog, shooting and killing the puppy dog.

18. Ambulance/medical services were never dispatched to conduct a wellness check, and animal control was never called for non-lethal detainment.

19. Passenger Bastion was unlawfully imprisoned in jail without legal justification, consent, or probable cause based on false accusations.

**Incident 2 (Officer Brown & Hospital):**

20. On or about October 30, 2025, Plaintiff Shaffer was approached by Defendant Officer Cornelius Brown and other LPD officers who engaged in unprovoked physical aggression.

21. Defendant Brown forcibly pushed Plaintiff Shaffer to the ground using excessive force, causing serious bodily injuries to his head, neck, and spine.

22. Following the incident, Plaintiff Shaffer requested emergency medical assistance, but Defendant Brown actively prevented, denied, or unreasonably delayed ambulance transport, displaying deliberate indifference to serious medical needs.
23. Plaintiff Shaffer was subsequently transported to Defendant University of Michigan Health Sparrow, where healthcare staff failed to render accepted standards of care, leaving injuries unaddressed and exacerbated.

**CAUSES OF ACTION**

- **COUNT I: 42 U.S.C. § 1983 – MUNICIPAL LIABILITY (MONELL CLAIM)** *(Against Defendants City of Lansing & Lansing Police Department)* 24. Plaintiffs incorporate paragraphs 1–23. Liability attaches under *Monell v. Department of Social Services* because constitutional deprivations resulted from widespread unconstitutional customs, improper training (*City of Canton v. Harris*), supervisor request bypasses, pretextual stops, and immediate lethal canine force protocols.
- **COUNT II: 42 U.S.C. § 1983 – EXCESSIVE FORCE & UNLAWFUL SEIZURE** *(Fourth Amendment Violations - Against Individual Officers 1, 2, 3, and Officer Brown)* 25. Plaintiffs incorporate paragraphs 1–23. The physical beatings, twisting of limbs, forcing vehicle entry, false arrest, slamming to the ground, and fatal shooting of the puppy dog constituted objectively unreasonable force and illegal seizures under the Fourth Amendment.
- **COUNT III: 42 U.S.C. § 1983 – STATE-CREATED DANGER & DELIBERATE INDIFFERENCE** *(Fourteenth Amendment Due Process - Against Individual Officers 1, 2, 3, and Officer Brown)* 26. Plaintiffs incorporate paragraphs 1–23. Officers manufactured an immediate, lethal environment, provoked the pet, and actively denied immediate emergency medical transport to Shaffer, acting with deliberate indifference to human safety and medical needs.
- **COUNT IV: FALSE IMPRISONMENT & UNLAWFUL ARREST** *(42 U.S.C. § 1983 and State Common Law - Against Individual Officers 1, 2, and Officer Brown)* 27. Plaintiffs incorporate paragraphs 1–23. Passenger Bastion was wrongfully confined in a holding facility without consent, probable cause, or legal justification.
- **COUNT V: STATE LAW GROSS NEGLIGENCE** *(Against All Individual Defendants)* 28. Plaintiffs incorporate paragraphs 1–23. Officers acted recklessly under M.C.L. § 691.1407 without regard to safety, causing direct structural damage to Shaffer's neck, head, and spine.
- **COUNT VI: STATE LAW MEDICAL MALPRACTICE** *(Against Defendant University of Michigan Health Sparrow)* 29. Plaintiffs incorporate paragraphs 1–23. Defendant Sparrow breached its professional standard of care by failing to properly evaluate, diagnose, and treat Shaffer's traumatic head and spinal injuries.

**PRAYER FOR RELIEF & PENALTIES**

WHEREFORE, Plaintiffs SHAFFER and BASTION respectfully request judgment against all Defendants, requesting the following remedies:

1. **Compensatory Damages** against all Defendants, jointly and severally, for physical injuries, spinal trauma, pain, emotional distress, loss of pet, medical expenses, and false imprisonment.
2. **Punitive Damages** against Individual Officers 1, 2, 3, and Officer Brown in their individual capacities for malicious, reckless conduct.
3. **Attorneys' Fees and Costs** pursuant to 42 U.S.C. § 1988.
4. **Declaratory Relief** declaring the customs, practices, and training deficiencies maintained by the City of Lansing unconstitutional.
5. Any further relief this Court deems just, proper, and equitable.

**JURY DEMAND**
Plaintiffs hereby demand trial by jury on all issues so triable.
RESPECTFULLY SUBMITTED,
Date: September 22, 2026

**ALONZO SHAFFER**, Plaintiff Pro Se Alonzo Shaffer / /

**BASTIAN**, Plaintiff Pro Se Tyreon Bastian / /

**STEVENSON** Plaintiff Pro Se [signature] 9/22/2026